William A. Weldin and Nina E. Weldin, his wife v. Commissioner. Louis P. Blum and Clara M. Blum, his wife v. Commissioner.
Weldin v. Commissioner
Docket Nos. 107339, 107340.
United States Tax Court
1942 Tax Ct. Memo LEXIS 23; 1 T.C.M. (CCH) 260; T.C.M. (RIA) 42667; 12/21/1942
*23 Fred C. Houston, Esq., 1128 Union Trust Bldg., Pittsburgh, Pa., for the petitioners. Paul E. Waring, Esq., for the respondent. LEECH
Memorandum Findings of Fact and Opinion LEECH, Judge: These consolidated proceedings involve deficiencies in income taxes, together with additions thereto of 25 per cent thereof for failure to file returns, as follows: Docket
Fiscal Year
Petitioner
No.
Ending
Deficiency
Penalty
William A. Weldin and Nina E. Weldin, his wife
107339
March 31, 1937
$56.14
$14.04
March 31, 1938
68.55
17.14
March 31, 1939
13.97
3.49
Louis P. Blum and Clara M. Blum, his wife
107340
March 31, 1937
29.66
7.42
March 31, 1938
43.22
10.81
The issues are whether respondent erred in (1) including in the income of a partnership trading as Blum, Weldin & Company, for the respective taxable years, the amount of $3,499.83, $4,866.30 and $2,499.72 which were received by such partnership during such years as compensation for engineering services performed by the partnership for the Boroughs of Ben Avon, Ben Avon Heights and Rosslyn Farms, Pennsylvania, and (2) adding to such deficiencies 25 percent thereof for failure to file returns for *24 the respective taxable years involved. Findings of Fact The contested income is that of petitioners William A. Weldin and Louis P. Blum, who are partners trading as Blum, Weldin & Company. They will be referred to hereinafter as the petitioners. They are civil and municipal engineers. Their income tax returns for the taxable years were filed with the collector of internal revenue for the Twenty-third District of Pennsylvania. The Pennsylvania Borough Code under "Duties of Council" provides: "It shall be the duty of the council, a majority of whom shall be a quorum: "To appoint and remove a Treasurer and Secretary * * * and such other officers as it shall deem necessary." [53 Purdon's Penna. Statutes Annotated, par. 12896 - VII.] By virtue of this authority the petitioners had been "re-elected" or reappointed by the respective councils as borough engineers for each of the calendar years pertinent herein, for the boroughs of Ben Avon, Ben Avon Heights and Rosslyn Farms, the population of which are 2,500, 500 and 500, respectively. Petitioners were not required to and did not take an oath of office. The firm maintained its office in the City of Pittsburgh but occupied an office *25 in the municipal building of Ben Avon only at such times as the work there justified it. Under such appointment during the taxable years, petitioners prepared and were the custodians of maps of sewer systems, monuments, grades, streets and alleys, etc., which had to be available to the citizens and borough officers. They advised the respective borough councils, their committees and officers, relative to municipal problems, testified in court in damage and other suits, negotiated with public utilities as to allocations of costs for the municipality and the utilities, advised counsel and its committees on maintenance of streets, drains, sewers and upon the approval of proposed plans of lots. When repaving or repairing streets, constructing or repairing sewers or drainage systems, or other such things became necessary, they were directed by the proper officer or committee of council to carry out such work. The execution of this work, as well as some of the other work, was in the main left to the petitioners, in which the petitioners were expected to and did exercise their own best judgment. Employees of petitioners, assisting petitioners in this work for these municipalities, are *26 paid by the petitioners. Petitioners submit monthly statements to the respective municipalities for this work and are paid for the time in which they, or their employees, were engaged in the work for the municipalities. Petitioners, during the taxable years, were permitted to and did engage in engineering work other than that for these municipalities. The compensation received by petitioners from these municipalities during the taxable years was less than half the total they received from all work done by the firm during that period. No returns were necessary here unless the contested compensation was taxable, in which event returns for each year should have been made. None of the petitioners filed income tax returns for any of the years in question because, for several prior years, the Commissioner of Internal Revenue ruled that similar income received by these taxpayers from municipalities was exempt. Opinion Respondent has included the contested compensation in the income of the petitioners on the ground that they received such compensation as independent contractors and not as officers and employees of these municipalities. This contention renders unnecessary a consideration *27 of whether the services for which this compensation was paid were essentially a governmental function. See Halsey v. Helvering, 75 Fed. (2d) 234, and cases therein cited. Our query, therefore, is whether the taxpayers received these contested amounts as officers or employees of the municipalities or, on the other hand, as independent contractors. It is true the position which petitioners occupied had a tenure of a year. They were not required to, however, nor did they take an oath of office. They maintained no regular offices, in any of the municipalities for which they worked. No statute, so far as we know, specifies their duties. They were paid on a basis of the time used by them. Despite what may have been the practice in Pennsylvania, we do not think the taxpayers were officers, for present purposes, during the taxable years of any of the municipalities from which the disputed compensation was received. Metcalf & Eddy v. Mitchell, 269 U.S. 514; Pease v. Commissioner, 83 Fed. (2d) 122; cert. denied, 229 U.S. 562. The question of whether petitioners were *28 employees of these municipalities, as distinguished from independent contractors, is more difficult. The respondent, however, has determined that they were the latter. The petitioners have the burden to show the contrary. In this, we think, they have failed. At least this is so as to some of the work they did during the taxable years for which a part of the controverted compensation was paid. Pease v. Commissioner, supra;Ewart v. Commissioner, 98 Fed. (2d) 649; Commissioner v. Emerson, 98 Fed. (2d) 650; cert. denied, 305 U.S. 642; John T. Rowland v. Commissioner, 115 Fed. (2d) 504; Thomas M. Lewis et al. v. Commissioner, 122 Fed. (2d) 934. And there is no reasonable means, disclosed in this record, of determining or allocating the compensation to any particular work. Petitioners rely upon Halsey v. Helvering, supra. Petitioner's status of officer or employee was specifically assumed to exist in that case and was not at issue. Here that status is the only basis for the controversy. *29 Since returns were necessary because of the taxability of this disputed compensation and none of the petitioners filed returns for any of the taxable years, the contested additions by the respondent to the several deficiencies must necessarily be approved. Section 291 of the Revenue Acts of 1936 and 1938; I.R.C. 3612 (d). John Armistead, 42 B.T.A. 1430. Decisions will be entered for the respondent.